IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| AMIRAH ALAJI<br>Plaintiff, | §<br>§<br>§ | |
| v. | § | No. 3:25-CV-03471-B-BW |
| WAI KUEN LEUNG, et al.,<br>Defendants. | §<br>§<br>§ | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and Special Order 3, this pro se civil action was referred to the United States magistrate judge for judicial screening, including the entry of findings and a recommended disposition where appropriate. Upon review of the relevant pleadings and applicable law, the Court should **DISMISS** Plaintiff's federal claims under 28 U.S.C. § 1915(e)(2)(B) and decline to exercise supplemental jurisdiction over any remaining state claims.

## I. BACKGROUND

Plaintiff Amirah Alaji, proceeding pro se and in forma pauperis, brings this civil action against her landlord, Wai Kuen Leung, and CWS Recovery, a private towing company. (Dkt. No. 3 at 1-2.) Alaji invokes 42 U.S.C. § 1983 and alleges violations of her rights under the Fourth and Fourteenth Amendments. (*Id.* at 3.) Alaji's claims arise from a dispute concerning her tenancy and the towing of her vehicle. She alleges, among other things, that her vehicle was towed without proper notice, she was denied access to her mailbox, and Defendants' conduct caused her

financial and emotional harm. (*Id.* at 4.) The documents attached to the complaint reflect that CWS Recovery towed Alaji's vehicle from the apartment property on June 23, 2025, as a "PPI PRIVATE PROPERTY IMPOUND." (*Id.* at 10.) Alaji also attaches documentation reflecting that she contacted the Dallas Police Department concerning the incident. (*Id.* at 6.)

As relief, Alaji seeks, among other things, repayment of rent, compensation for property losses, and information concerning the property. (*Id.* at 4.)

## II. PRELIMINARY SCREENING

Because Alaji is proceeding in forma pauperis, her complaint is subject to preliminary screening under 28 U.S.C. § 1915(e)(2). Section 1915(e)(2) provides for sua sponte dismissal of a complaint, or any portion thereof, if the Court finds it "is frivolous or malicious," "fails to state a claim on which relief may be granted," or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke*, 490 U.S. at 325. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Mere "labels and conclusions" and "formulaic recitation[s] of the elements of a cause of action" are insufficient to state a claim upon which relief may be granted. *Id.* at 555. And although the Court construes a pro se complaint liberally, it is not required to accept

legal conclusions, unwarranted factual inferences, or threadbare recitals of the elements of a claim unsupported by specific factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The same analysis for determining a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) applies to determine whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii). *See Hale v. King*, 642 F.3d 492, 497 (5th Cir. 2011).

## III. SECTION 1983

To state a claim under § 1983, a plaintiff must allege facts that show (1) she has been deprived of a right secured by the Constitution and the laws of the United States; and (2) the deprivation occurred under color of state law. *See, e.g., Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978). Section 1983 generally does not reach purely private conduct, even when that conduct allegedly infringes constitutional rights. *See Jackson v. Metro. Edison Co.*, 419 U.S. 345, 349, 352 (1974); *see also Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005).

A private party may be treated as a state actor in limited circumstances, including when the private party performs a function traditionally reserved exclusively to the State or acts jointly with state officials. *See Yeager v. City of McGregor*, 980 F.2d 337, 343 (5th Cir. 1993). But "merely private conduct, no matter how discriminatory or wrongful," does not constitute state action. *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (citation and internal quotation marks omitted).

Here, Alaji alleges no facts plausibly showing that either Defendant acted under color of state law. Leung is Alaji's private landlord, and CWS Recovery is the private towing company that removed her vehicle. (*See* Dkt. No. 3 at 1-2, 10.) Nothing in the complaint suggests that either Defendant is a governmental entity or official or was exercising powers traditionally reserved exclusively to state actors. Indeed, Alaji's own documentation describes the towing of her vehicle as a "PPI PRIVATE PROPERTY IMPOUND." (*Id.* at 10.)

Nor does Alaji allege facts showing joint action between either Defendant with a governmental actor. Although she attaches documentation reflecting that she contacted the Dallas Police Department concerning the incident, she does not allege that a police officer directed, participated in, or conspired with Defendants to tow her vehicle or otherwise deprive her of property. *See Priester v. Lowndes County*, 354 F.3d 414, 420 (5th Cir. 2004) (explaining that a private citizen may be liable under § 1983 when the citizen is a "willful participant in joint activity with the State or its agents" (citation omitted)). The mere fact that Alaji contacted law enforcement concerning an alleged wrong by private parties does not transform the challenged private conduct into state action.

Thus, even accepting Alaji's factual allegations as true and construing her complaint liberally, she has not alleged facts showing that Leung or CWS Recovery acted under color of state law. Because state action is a necessary element of a claim under § 1983, Alaji fails to state a federal civil-rights claim against either Defendant. *See Flagg Bros.*, 436 U.S. at 155.

## IV. SUPPLEMENTAL STATE LAW CLAIMS

The District Judge should decline to exercise supplemental jurisdiction over Alaji's state-law claims. Liberally construed, Alaji's allegations concerning her tenancy, the towing of her vehicle, access to her mailbox, rent, and property losses may implicate claims arising under Texas law. But because Alaji fails to state a viable federal claim, the Court should decline to exercise supplemental jurisdiction over any such state-law claims.

Under 28 U.S.C. § 1367(c), a district court may decline to exercise supplemental jurisdiction when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). That decision is guided by consideration of the values of judicial economy, convenience, fairness, and comity. *Brookshire Bros. Holding, Inc. v. Dayco Prods., Inc.*, 554 F.3d 595, 602 (5th Cir. 2009). The Fifth Circuit has repeatedly recognized that once federal claims are dismissed, the general rule, particularly at an early stage of litigation, is to dismiss or remand any remaining state-law claims. *See Parker & Parsley Petroleum Co. v. Dresser Indus.*, 972 F.2d 580, 585 (5th Cir. 1992) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims."); *see also Enochs v. Lampasas Cnty.*, 641 F.3d 155, 161 (5th Cir. 2011) (recognizing that supplemental jurisdiction "is a doctrine of flexibility" and that dismissal of all federal claims generally "weigh in favor" of remand).

Those considerations favor declining supplemental jurisdiction here. This case remains at the initial screening stage, before service, an answer, discovery, or substantive litigation on the merits. And any remaining claims concern private landlord-tenant, towing, and property disputes governed by Texas law. With no viable federal claim remaining, those matters are more appropriately resolved in state court. The District Judge therefore should decline to exercise supplemental jurisdiction over any remaining state-law claims and dismiss those claims without prejudice.

## V. RECOMMENDATION

Under 28 U.S.C. § 1915(e)(2)(B)(ii), the District Judge should **DISMISS WITH PREJUDICE** Alaji's claims under 42 U.S.C. § 1983 for failure to state a claim upon which relief may be granted. The District Judge further should decline to exercise supplemental jurisdiction over any remaining state-law claims and **DISMISS** those claims **WITHOUT PREJUDICE**.

**SO RECOMMENDED** on October 15, 2026.

BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to object to 14 days).